USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

KONINKLIJKE PHILIPS N.V.,           :

          Plaintiff,           :

   -against-           :

iGUZZINI LIGHTING USA, LTD., *et al.*,   :

          Defendants.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

15cv3979

ORDER

WILLIAM H. PAULEY III, District Judge:

       Over the last four weeks, the parties have presented several matters for resolution by this Court.

       First, by letter dated October 16, 2015, the parties present three discovery disputes: (1) the insufficiency of iGuzzini's document production; (2) iGuzzini's concession, then subsequent refusal to make the accused products available for purchase; and (3) its designation of certain documents as "attorneys' eyes only." The trivial nature of these disputes indicates a need for counsel to redouble their efforts to work through discovery issues.

       It is clear from the joint submission that iGuzzini's document production has been halting and incomplete. It is also apparent that iGuzzini reneged on its agreement to permit Philips to contact iGuzzini's New York showroom to purchase its products. Finally, while Philips has reason to be concerned about iGuzzini's overdesignation of documents as "attorneys' eyes only," it appears that application may not be ripe at this time given this Court's prior memorandum and order, dated September 22, 2015.

Second, by letter dated October 30, 2015, Philips seeks a pre-motion conference to move to amend its Complaint. Ordinarily, such motions should be obviated by consent. But iGuzzini opposes Philips' application unless all scheduling in the case is pushed out by five months. iGuzzini's insistence on conditioning any amendment of the Complaint on a five-month extension of time comes on the heels of iGuzzini's failure to respond properly to Philips' document requests.

On the record before this Court, there is no need for a motion to amend. Nor is there a need for a five-month extension for iGuzzini to analyze new patent claims. This Court will grant no more than a two-month extension for that purpose from the date of this Order.

Accordingly, this Court ORDERS the following:

1. Within 7 days, iGuzzini is directed to produce <u>its own</u> documents sufficient to show the structure and operation of the accused products, not merely product catalogues or documents identifying its component suppliers. iGuzzini should also produce information regarding suppliers that produced <u>non-LED components</u> in the accused products. At this stage, production is limited to documents relating to the "accused products" in Philips' Complaint.

2. Within 7 days, iGuzzini is directed to provide its products to Philips directly, or alternatively, to permit Philips to contact iGuzzini's New York showroom to purchase them. In the event any iGuzzini product that Philips seeks to purchase is not available through the New York showroom, iGuzzini's counsel is directed to obtain it so that it can be produced to Philips' counsel.

3. The parties are directed to meet and confer in good faith regarding a revision to the Scheduling Order entered August 17, 2015 and submit any such joint proposal within 14 days.

Philips' application concerning the classification of third-party component lists as "attorneys' eyes only" is denied at this time. Finally, if iGuzzini has any other objections to amendment of the Complaint, it is directed to notify this Court within 7 days. Barring that, this Court authorizes filing and service of the Amended Complaint on November 19, 2015.

The Clerk of Court is directed to terminate the motions pending at ECF Nos. 44 and 45.

Dated: November 12, 2015
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record via ECF.*